IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CLEMMISA HARRIS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. <u>1:15-0093</u> |
| ) |                JURY DEMAND |
| CHILDREN'S DENTAL ASSOCIATES, ) | |
| ) |       Judge Sharp |
| ) |       Magistrate Judge Bryant |
| ) | |
|     Defendant. ) | |

## ANSWER OF CHILDREN'S DENTAL ASSOCIATES TO THE COMPLAINT

**Comes Now,** the Defendant, Children's Dental Associates (hereinafter "Children's Dental"), responds to the Complaint filed by Clemmisa Harris (hereinafter "Dr. Harris") as follows:

### FIRST DEFENSE – ANSWER TO COMPLAINT

### PARTIES

1. Children's Dental admits that Dr. Harris is an African-American female but denies that it engaged in any race discrimination. Children's Dental lacks sufficient information or knowledge regarding the remaining allegation of Paragraph 1, pertaining to Dr. Harris' residency, and thus would deny same with strict proof demanded thereof.

2. Children's Dental admits that it is a for-profit professional corporation registered to conduct business in the State of Tennessee with a principal office located at 1706 Wedgewood Drive, Columbia, Tennessee 38401-3527. Children's Dental further acknowledges service of process of this Complaint via its Registered Agent, Dr. James L. Hutton, III.

### JURISDICTION AND VENUE

3. Children's Dental admits that venue is proper in this Court pursuant to 28 U.S.C. §1391 (b).

4. Children's Dental admits that claims arising under Title VII of the Civil Rights Act of 1964 and violations of the Tennessee Human Rights Act prohibiting discrimination based on race including state law claims arising under 28 U.S.C. § 1367, would give rise to jurisdiction of this Court. Children's Dental denies that there have been any such discrimination in this case and would therefore demand strict proof thereof.

## FACTS

5. Children's Dental admits that it hired Dr. Harris on July 8, 2013 as an associate dentist at its office in Columbia, Tennessee.

6. Children's Dental denies that Dr. Harris was subjected to racially based comments.

7. Children's Dental denies that Dr. Harris was terminated; and, moreover, Children's Dental denies that the issue brought to Dr. Harris on September 4, 2014, pertained to the Facebook post referenced within this paragraph.

8. Children's Dental lacks information or knowledge with regards to the allegations contained within Paragraph 8, and thus would deny same with strict proof demanded thereof.

### Count 1: (Alleged) Violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 Prohibiting Discrimination Based on Race

9. Children's Dental would incorporate by reference as if fully set forth herein, all responses to proceeding paragraphs of this Complaint.

10. Children's Dental admits that Dr. Harris is an African-American.

11. Children's Dental denies that Dr. Harris was terminated.

12. Children's Dental admits that at the time Children's Dental hired Dr. Harris, and all times during her employment with Children's Dental, Dr. Harris was a qualified, licensed dentist in the State of Tennessee.

13. Children's Dental denies that Dr. Harris was terminated; and would further deny all remaining allegations and averments contained within Paragraph 13, and would therefore demand strict proof thereof.

14. Children's Dental denies Dr. Harris was terminated, further deny any violation of the Civil Rights Act of 1964, as amended, and further deny any and all

remaining allegations and averments contained within Paragraph 14, and would therefore demand strict proof thereof.

15. Children's Dental denies any violation of the Civil Rights Act of 1964, as amended; and Children's Dental would further deny any and all remaining allegations and averments contained within Paragraph 15, and would therefore demand strict proof thereof.

16. Children's Dental denies any violation of the Civil Rights Act of 1964, as amended; and Children's Dental would further deny any and all remaining allegations and averments contained within Paragraph 16, and would therefore demand strict proof thereof.

## Count 2: (Alleged) Violations of the Tennessee Human Rights Act

17. Children's Dental would incorporate by reference as if fully set forth herein, all responses to proceeding paragraphs of this Complaint.

18. Children's Dental admits that it was an employer under the State of Tennessee and therefore subjected to the Tennessee Human Rights Act.

19. Children's Dental denies that it discharged Dr. Harris, and further denies that it violated Tenn. Code Ann. § 4-21-401.

20. Children's Dental denies all allegations contained within Paragraph 20 and would demand strict proof thereof.

21. Children's Dental denies that it violated the Tennessee Human Rights Act; and Children's Dental would further deny all remaining allegations and averments contained within Paragraph 21, and would therefore demand strict proof thereof.

22. Any and all other allegations and averments not heretofore specifically admitted or denied are generally denied herein with strict proof demanded thereof.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Children's Dental.

2. As stated in the First Defense, the Complaint fails to state a claim upon which relief can be granted.

3

3. Dr. Harris' alleged cause of action may be barred, in whole or in part, by the doctrines of *res judicata*, waiver, unclean hands, estoppel and/or laches.

4. After-acquired evidence may bar some or all of Dr. Harris' claims and/or damages.

5. Without admitting that Dr. Harris suffered any damages, Dr. Harris is barred from recovering any damages in that she failed to mitigate or which she caused.

6. Plaintiff, Dr. Harris, lacks standing to bring this claim based upon termination allegations because Plaintiff's employment was not terminated by Children's Dental—instead, Plaintiff voluntarily quit her employment.

7. Children's Dental reserves the right to assert additional defenses based on information developed by further investigation and discovery in this matter.

**Wherefore,** having now fully answered the Complaint, Children's Dental requests that the Court dismiss this action, that costs be taxed to the Plaintiff, Dr. Harris, that a jury of twelve (12) be empaneled to try this cause and that Children's Dental be awarded reasonable costs, including attorney fees, and such other relief as the Court deems proper.

Respectfully submitted,

MOUNGER & MOLDER, PLLC

/s/ Charles M. Molder
Charles M. Molder, BPR #28278
808 South High Street
P.O. Box 1468
Columbia, TN 38402-1468
Phone – (931) 380-9005
Fax – (931) 380-9458
cmolder@moungermolder.com

*Attorney for Children's Dental Associates*

4

## Certificate of Service

       I, Charles M. Molder, hereby certify that a true and correct copy of the foregoing document has been forwarded by electronic means via the Court's electronic filing system to all parties and counsel of record this 18th day of November, 2015, including the following:

    Andy L. Allman
    131 Saundersville Road, Suite 110
    Hendersonville, TN 37075

                             /s/ Charles M. Molder
                             Charles M. Molder